**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-19-00028-TUC-JGZ |
| Plaintiff/Respondent, | No. CR-16-01595-TUC-JGZ |
| v. | **ORDER** |
| Gonzalo Vitela-Aragon, | |
| Defendant/Movant. | |

Pending before the Court is Movant Gonzalo Vitela-Aragon's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.[1]) Vitela-Aragon claims that his counsel was ineffective by failing to seek a downward departure and various immigration-related remedies. The Government responded. (Doc. 6.) Vitela-Aragon did not file a reply. Upon consideration of the record and the parties' arguments, the Court will deny Vitela-Aragon's § 2255 Motion on the merits and, alternatively, because Vitela-Aragon waived his right to bring the instant Motion.

**I. Background**

Vitela-Aragon, who was a non-citizen, lawful permanent resident, entered a guilty plea to an information charging him with conspiracy to possess with intent to distribute methamphetamine, and was sentenced to 72 months of incarceration. (CR 16-01595-TUC-JGZ (CR 16-01595), Docs. 74, 75, 78, 87.)

**Plea agreement.** The factual basis of the plea agreement described a series of illegal

---

[1] Unless otherwise indicated, documents cited are filed in CV 19-00028-TUC-JGZ.

methamphetamine transactions between the Vitela-Aragon and an undercover agent in July and August of 2016. (CR 16-01595, Doc. 78.) The plea agreement contained a four-level downward departure for physical condition pursuant to U.S.S.G. § 5H1.4. (*Id.* at ¶ 8.) The plea agreement also included a four-level downward departure for government savings under U.S.S.G. § 5K3.1/5K2.0. (*Id.*)  Under the terms of the plea agreement, Petitioner faced a sentencing range of 78 to 162 months of imprisonment, depending on the applicable criminal history category.  (*Id.* at ¶10.)  The plea agreement also stated:

> Although there may be exceptions, the defendant understands that the defendant's guilty plea and conviction for this offense make it practically inevitable and a virtual certainty that the defendant will be removed or deported from the United States.  The defendant agrees that he has discussed this eventuality with his/her attorney.  The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that this plea entails, even if the consequence is the defendant's automatic removal from the United States.

(*Id*. at ¶7.)  During the change of plea colloquy, the magistrate judge advised Vitela-Aragon of the possibility of removal as follows:

> The Court:  Do you understand that this conviction can be used in the future to increase the penalty in any future convictions and to remove you from this country if you are not a U.S. citizen?  Do you understand that?
>
> Defendant:  Yes.

(CR 16-01595, Doc. 91, p. 4.)

**Sentencing.**  The Presentence Report (PSR) calculated a base offense level of 38 based on 5.15 kilograms of methamphetamine.  (CR 16-01595, Doc. 83, ¶ 18.)  The PSR then deducted three levels for acceptance of responsibility, resulting in an adjusted offense level of 35.  (*Id.* at ¶¶25-27.)  Vitela-Aragon was found to be in criminal history category II. ( CR 16-01595, Doc. 86, p. 2.)  The PSR noted that "[t]he plea agreement stipulates to an imprisonment range of 78 to 97 months based on the defendant's placement in Criminal History Category II, a four-level downward departure pursuant to USSG §5H1.4 and four-level downward departure pursuant to USSG §§ 5K2.0/5K3.1."  (CR 16-01595, Doc. 83, ¶

75.)

At sentencing, Vitela-Aragon's appointed defense counsel argued for a variant sentence of 72 months citing Vitela-Aragon's multiple health issues, parity concerning the co-defendant's sentence, acceptance of responsibility, remorse, and the "almost" certainty that Vitela-Aragon would lose his permanent resident status, rendering him deportable "to a country that he has not lived in for about 20 years." (Doc. 92 pp. 3-4.) The Court granted downward departures for physical condition pursuant to U.S.S.G. § 5H1.4, and government savings pursuant to U.S.S.G. § 5K3.1. (CR 16-01595, Doc. 86, p. 2; *see also* CR 16-01595, Doc. 92, 3.) The Court ultimately varied downward to a sentence of 72 months to reflect the seriousness of the offense, promote respect for the law, provide for just punishment for the offense, afford adequate deterrence to criminal conduct, avoid unwarranted sentencing disparities among defendants, and "collateral consequences." (CR 16-01595, Doc. 86, p, 3; *see also* CR 16-01595, Doc. 92, p. 5.)

When the Court asked Vitela-Aragon whether he understood his sentence, Vitela-Aragon responded: "Yes, but—okay. If I'm deported, though, I don't have anyone there in Mexico to help me with my physical condition, like with the diabetes." (CR 16-01595, Doc. 92, p. 6.) After further discussion with the Court and counsel, Vitela-Aragon stated he was concerned "that if I'm deported and I don't have anyone there." (CR 16-01595, Doc. 92, pp. 6-7.) The following exchanged occurred:

> The Court: Well, and that's just the way it is. I gave you a reduction in your sentence because of that collateral consequence, but that's the way it is. When you were here in the United States, you were selling methamphetamine. You're going to be deported. You're not going to be allowed back in. You cannot come back. You understand that, correct?
>
> The Defendant (Through interpreter): Okay.
>
> The Court: And as I understand it, you do have family in Mexico. You just haven't seen them for a while, correct?
>
> The Defendant (Through interpreter): Many years, like 30 years I think.

The Court:   All right. Well, it might be time to reconnect.

(*Id.* at 7.)

## II.   Discussion

Vitela-Aragon raises four overlapping grounds for relief alleging ineffective assistance of counsel for counsel's failing to seek a downward departure for poor health under U.S.S.G. § 5H1.4 and failing to seek various immigration-related remedies, such as waiver of removal or asylum.  The Court will deny the motion because Vitela-Aragon fails to establish that his counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the defense, as required to prevail on a claim of ineffective assistance of counsel.  *See Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

First, the record belies Vitela-Aragon's claims that counsel failed to argue for a downward departure under U.S.S.G. § 5H1.4 based on Vitela-Aragon's physical ailments. (Doc. 1, pp. 11, 9.)  Defense counsel successfully argued for such a departure. (Doc. 92, pp. 3-4.)  Accordingly, Vitela-Aragon's claim is without merit.

Second, counsel was not ineffective by failing to seek various immigration-related remedies because these matters were outside the scope of the criminal proceeding.  Vitela-Aragon argues that counsel failed to request that the court enter a cancellation of removal based on Vitela-Aragon's presence in the United States for more than seven years and his gainful employment. (Doc. 1, pp. 6, 8.)  Vitela-Aragon also argues that counsel failed to seek a stipulation avoiding deportation, and failed to argue that Vitela-Aragon faced persecution if returned to Mexico and was eligible for asylum, although Vitela-Aragon does not provide a factual basis for a claim of persecution or asylum  (*Id.* at 6, 7.)

Counsel was appointed pursuant to 18 U.S.C. § 3006A to represent Vitela-Aragon during the criminal proceeding before this Court.  The immigration remedies that Vitela-Aragon claims counsel failed to seek are not within the purview of the criminal proceeding or the sentencing court's authority.  Under the Immigration and Nationality Act, these matters are issues for the Attorney General, the Department of Homeland Security and the

immigration courts. *See* 8 U.S.C. § 1103(g) (delineating powers and duties of the Secretary of Homeland Security and Attorney General); 8 U.S.C. § 1229a(a) ("An immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien."); C.F.R. § 1240.1(a)(1)(ii) (delineating authority of immigration judges); 8 U.S.C. § 1229b (generally placing authority with the Attorney General to cancel removal); *see also E. Bay Sanctuary Covenant v. Trump,* 932 F.3d 742, 756 (9th Cir. 2018) ("The exclusion of aliens is 'a fundamental act of sovereignty' by the political branches . . . subject only to narrow judicial review." (internal quotation marks and citations omitted).) Therefore, counsel did not act unreasonably in failing to pursue immigration-related remedies during the criminal proceeding. Moreover, because the Court was without authority to grant any such requests, Vitela-Aragon cannot establish prejudice.

The Court also finds that Vitela-Aragon waived the sentencing challenges he raises here. The Ninth Circuit Court of Appeals has found that there are "strict standards for waiver of constitutional rights." *United States v. Gonzalez-Flores*, 418 F.3d 1093, 1102 (9th Cir. 2005). It is impermissible to presume waiver from a silent record, and the Court must indulge every reasonable presumption against waiver of fundamental constitutional rights. *United States v. Hamilton*, 391 F.3d 1066, 1071 (9th Cir. 2004). Vitela-Aragon's waiver was clear, express, and unequivocal as stated in his plea agreement.

Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005). The only claims that cannot be waived are claims that the waiver itself was involuntary or that ineffective assistance of counsel rendered the waiver involuntary. *See Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); *United States v.*

*Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1992) (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver); *see also Jeronimo*, 398 F.3d at 1156 n.4 (declining to decide whether waiver of all statutory rights included claims implicating the voluntariness of the waiver).

As part of his plea agreement, Vitela-Aragon made the following waiver:

> Provided the defendant receives a sentence in accordance with this fast-track plea agreement, the defendant waives . . . any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment; . . . [and] any right to collaterally attack defendant's conviction and sentence under 28 U.S.C. § 2255, or any other collateral attack. . . . The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. . . . This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

(CR 16-01595, Doc. 78, ¶26.)  Vitela-Aragon indicated in the plea agreement that he had discussed the terms with his attorney, agreed to the terms and conditions, and entered into the plea voluntarily. (*Id*. at 7-8.)

Vitela-Aragon's claims in the § 2255 Motion do not pertain to the voluntariness of the waiver.  Vitela-Aragon expressly waived issues regarding the imposition of sentence and expressly waived the right to bring a § 2255 motion.  The Court accepted the plea as voluntarily made.  Consequently, the Court finds that Vitela-Aragon has waived the issues raised in the § 2255 Motion. And, for the foregoing reasons, the Court will dismiss the § 2255 Motion.

Accordingly, IT IS ORDERED:

1.     Vitela-Aragon's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 88 filed in CR 16-01595-TUC-TUC-JGZ (BPV)) is denied and the civil action opened in connection with this Motion (CV 19-28-TUC-JGZ) is dismissed with prejudice. The Clerk of Court must enter judgment accordingly.

//

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Vitela-Aragon files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 14th day of April, 2020.

Honorable Jennifer G. Zipps
United States District Judge